United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 25, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-40993
Summary Calendar

———————————

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

    v.

SHANE DONNTA JONES, also known as Picc

                    Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:02-CR-88-1
--------------------

Before KING, Chief Judge, and JOLLY and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Shane Donnta Jones was convicted pursuant to a guilty plea
of conspiring to manufacture, distribute, or possess with the
intent to manufacture, distribute, or dispense 50 grams or more
of a mixture or substance containing cocaine base and/or 1000
kilograms or more of marijuana and aiding and abetting the same.
See 18 U.S.C. § 2, 21 U.S.C. §§ 841, 846.  He now appeals.

    Jones's guilty plea was knowingly and voluntarily entered in
compliance with FED. R. CRIM. P. 11.  Jones has not shown that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court erred in imposing his sentence. The district court imposed Jones's sentence in compliance with the requirements of FED. R. CRIM. P. 32, did not err in calculating the quantity of drugs attributable to Jones for sentencing purposes, and did not err by enhancing Jones's offense level under U.S.S.G. § 2D1.1(b)(1) because Jones possessed a dangerous weapon during his offense. See United States v. Posada-Rios, 158 F.3d 832, 877-79 (5th Cir. 1998); United States v. Rogers, 1 F.3d 341, 343-44 (5th Cir. 1993). Finally, Jones has not demonstrated plain error with regard to his argument, raised for the first time on appeal, that his sentence is unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, 124 S. Ct. 2531 (2004); and United States v. Booker, 125 S. Ct. 738 (2005). The district court's error in enhancing Jones's sentence under the mandatory sentencing regime in effect at the time after finding facts not admitted by Jones or proven beyond reasonable doubt does not rise to the level of plain error. Nothing in the record indicates that the district court would have imposed a lesser sentence under an advisory sentencing regime rather than a mandatory one. See United States v. Infante, ___ F.3d ___, No. 02-50665, 2005 WL 639619, *13 (5th Cir. Mar. 21, 2005); United States v. Mares, 402 F.3d 511, 520-22 (5th Cir. 2005), petition for cert. filed, No. 04-9517 (U.S. Mar. 31, 2005).

Jones's conviction and sentence are AFFIRMED.